UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JUSTIN LEE MAIN #687116,	Case No. 1:25-cv-01125

    Plaintiff,	Hon. Robert J. Jonker
        U.S. District Judge

v.

BERRIEN COUNTY SHERIFFS
DEPARTMENT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

*Pro se* Plaintiff – State prisoner Justin Lee Main – filed a civil complaint against the Berrien County Sheriffs Department and Officer Shawn Yech. (ECF No. 1.) Main challenges his arrest and conviction arising out of his involvement in selling drugs in August and September 2023. Main alleges that the police reports were falsified. (*Id.*)

Main is currently incarcerated by the Michigan Department of Corrections (MDOC). According to MDOC records, Main pleaded guilty to delivery and manufacture of methamphetamine and fleeing from a police officer, third degree, for offenses that took place on Aug. 30, 2023. Main was sentenced on these two convictions on Sept. 8, 2025, to terms of imprisonment of 7 to 20 years on the methamphetamine conviction and 2 to 5 years on the fleeing conviction. Main is also currently serving sentences arising out of earlier convictions for tampering with an electronic monitoring device, operating/maintaining a methamphetamine lab,

1

operating/maintaining a lab near a specified place, and attempted breaking and entering a building with intent.[1]

Plaintiff seeks monetary damages and offers to sign an agreement to "split all the money we sue them for." (ECF No. 1, PageID.2.) On October 21, 2025, Plaintiff was granted *in forma pauperis* status. (ECF No. 8.)

## II. Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a

---

[1] https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=687116

"probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III.   Analysis

As a starting point, Main is challenging his convictions and sentences, and he must first overturn his convictions before he can sue for money damages. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a *state* prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87 (footnote omitted). Accordingly, Main must successfully appeal his convictions and sentences in the Michigan courts *before* he can file a claim for monetary damages under 42 U.S.C. § 1983 asserting that his arrest and conviction violated his federal rights. Main has not done so

### IV. Recommendation

The undersigned respectfully recommends that the Court dismiss Main's

3

complaint because it is frivolous and fails to state a claim upon which relief may be granted.

Dated:   October 23, 2025                                    /s/ *Maarten Vermaat*
                                                             MAARTEN VERMAAT
                                                             U. S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).